GREMILLION, Judge,
dissents.
| Recording to her allegations, plaintiff, a receptionist for a law firm, became intoxicated during an evening in which she and others, including one of the attorneys, were consuming alcohol on the premises of the firm. She lay down to sleep it off on the attorney’s couch, and when she awoke, she alleges the attorney was raping her.
Plaintiff filed suit against the attorney and the firm, an LLC. The LLC filed a motion for summary judgment, asserting that it was not vicariously liable for the attorney’s actions, and that it was not liable independently, as it was granted immunity under La.R.S. 9:2800.1 as a host serving alcohol. The trial court granted summary judgment in favor of the firm, and plaintiff appealed.
The majority reverses summary judgment in favor of the LLC. It opens its analysis with the law of summary judgment. I believe it perfectly captured the essence of the law governing summary judgment.
I agree with the majority that the firm is not immune as a host under La.R.S. 9:2800.1. The alleged injuries were incurred on the premises; therefore, the statute does not apply to this situation.
The majority next purports to turn its analysis to the issue of independent negligence on the part of the firm. However, it mixes analyses of both vicarious pliability and independent negligence. Its reliance on the status of the plaintiff as either an “invitee” or a client of the firm is misplaced in terms of analyzing the independent negligence of the firm.
In Cates v. Beauregard Elec. Coop., 328 So.2d 367 (La.1976), the supreme court dismissed any distinction between invitees, licensees, and trespassers in determining the scope of a duty owed by an owner of premises to those upon his land. The proper analysis is strictly whether the *1014 landowner or proprietor exercised reasonable care. Thus, the only questions that can be properly answered by discussing why or in what capacity plaintiff was present on the night in question are: 1) Is plaintiffs action in tort barred by the exclusive remedy of workers’ compensation? and, 2) Is the firm vicariously liable for Hawkins’s alleged tort?
In determining whether the firm itself breached a duty owed to Doe, the proper analytical framework is, as the majority points out, set forth in Harris v. Pizza Hut of La., Inc., 455 So.2d 1364 (La.1984). A business has an obligation to protect those entering its premises from foreseeable risks of assault.
It is axiomatic that one moving for summary judgment need only demonstrate an absence of factual support for one essential element of a plaintiffs cause of action in order to shift the burden to the plaintiff to produce evidence supporting that element. If the plaintiff is unable to produce evidence showing that a genuine issue of material fact exists, the court must grant summary judgment. In the present case, the existence of a duty is an essential element of the plaintiffs cause of action. The existence of a duty, though, is a question of law, not fact. Id.
As a general rule, there is no duty to protect others from criminal acts of a third person. Id. However, a proprietor does owe a duty to provide its customers with a ^reasonably safe place, which necessarily requires an inquiry into whether any criminal acts that occur on the premises are foreseeable. Id.
Nothing in the record establishes that the risk that Hawkins would rape an employee, client, or, anyone else on the premises, was foreseeable. At most, the record establishes that the LLC knew Hawkins was boorish, chauvinistic, lewd, and promiscuous. These characteristics may be shared with sexual predators, but they are not exclusive to sexual predators.
The majority focuses on seven facts that it contends represent genuine issue of material fact. First is the regular consumption of alcohol during office hours. Second is the existence of a sauna on the premises. Third is Hawkins’s use of the sauna, including walking from his office to the sauna and back wearing only a towel. The fourth fact the majority points to as creating a genuine issue of material fact is Hawkins’s suggestive comments to employees. Fifth, some former employees claimed that they feared Hawkins because of his temper and intemperance. These facts establish that Hawkins was riddled with vice and was unacquainted with generally accepted notions of office politesse— not that he was a rapist.
Sixth, the majority points to the incident involving Ms. Trahan, who voluntarily disrobed, entered the sauna with Hawkins, was engaged in intercourse with Hawkins, and changed her mind. Hawkins followed her into the shower, asked her for oral sex, and she complied because she feared for her job. These facts, while they are certainly the most salacious, are utterly irrelevant because the record does not provide any evidence that the firm, and specifically Chris Villemarette, who was the only other member of the LLC, knew of this sordid incident. Even were that evidence to exist, it would lead only to the reasonable conclusion that Hawkins was engaging in bald |4and shameless sexual harassment— not that he was a rapist.
Thereafter, the seventh fact that the majority asserts creates a genuine issue of material fact is Hawkins’s behavior after the alleged rape has occurred. It is metaphysically impossible for this behavior to have in any way caused or contributed to the act of rape. It is equally impossible *1015 that Hawkins’s actions after the rape could make it foreseeable that such an act would occur. Furthermore, these facts only involve discourse between Hawkins and White. The statements alluded to by the majority are those in which the plaintiff related what White told her. They are hearsay and cannot be considered on summary judgment. See Hargrave v. Delaughter, 08-1168 (La.App. 3 Cir. 3/4/09), 10 So.3d 245.
Another difficulty in the majority’s opinion lies in its focus on the LLC’s memorandum in support of the summary judgment, and the fact that it scarcely addresses the independent negligence cause of action. The memoranda merely states the arguments of counsel. They represent no admissible evidence. The fact that the LLC devoted the majority of its arguments to the issue of vicarious liability does not create an issue of fact. Indeed, I find it unsurprising that the firm would focus on the vicarious liability issue, because the existence of an independent duty to prevent Hawkins from raping the plaintiff seems so absurd and remote a possibility.
I also disagree with the decision on the grounds of basic public policy. Hawkins should not be allowed to shift the burden of his alleged criminal behavior onto another who is not in a position to anticipate or prevent such an outrage. The opinion does not advise what the LLC should have or could have done to prevent this violent injustice. Should the other member of the LLC have handcuffed himself to Hawkins 24/7 because Hawkins participated in “drunk Fridays” and said insulting | ^things to the staff? Perhaps he should never have gone home to his family at the end of the day for fear that his law partner might do something stupid or hurtful after hours? Doe suggested in argument that it would have been reasonable for the other member of the LLC to have dissolved the franchise and gone to work somewhere else. Perhaps this is so, but that would not have prevented this alleged rape.
Finally, I do not see the necessity to discuss the firm’s professional obligation to the plaintiff. The canons of lawyerly ethics neither add nor detract from the prohibition against rape. Hawkins’ obligation not to rape the plaintiff is no greater than his obligation not to rape anyone else whether she be a client, employee, or stranger on the street. Likewise, the two-member LLC had a moral and legal responsibility to protect the plaintiff (be she an invitee or a trespasser) from any foreseeable wrong, including rape, that may befall her. The plaintiffs problem here is that the record simply does not establish that the alleged rape was foreseeable to the LLC.
I would affirm the trial court.